The defendant's remaining contention is without merit. Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur. [*See* 186 Misc 2d 62.]

(October 10, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANNE F. PIZZO, on Behalf of LUIS CHAUCA, Petitioner, v COMMISSIONER, DEPARTMENT OF CORRECTIONS, Respondent. [748 NYS2d 260] —Writ of habeas corpus in the nature of an application to reduce bail upon Queens County Indictment No. 10798/02.

Adjudged that the writ is sustained, without costs or disbursements, to the extent of reducing bail on Queens County Indictment No. 10798/02 to the sum of $100,000, which may be posted in the form of an insurance company bail bond in that sum or by depositing the same sum as a cash bail alternative. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD D. SIMMONS, on Behalf of MARLON PERALTA, Petitioner, v COMMISSIONER, DEPARTMENT OF CORRECTIONS, Respondent. [748 NYS2d 260] —Writ of habeas corpus in the nature of an application to reduce bail upon Queens County Indictment No. 10798/02.

Adjudged that the writ is sustained, without costs or disbursements, to the extent of reducing bail on Queens County Indictment No. 10798/02 to the sum of $100,000, which may be posted in the form of an insurance company bail bond in that sum or by depositing the same sum as a cash bail alternative. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.

(October 15, 2002)

■ REINZ BAEZ, Respondent, v KOSTAS KAYANTAS et al., Appellants. [748 NYS2d 389] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated March 12, 2002, as granted the plaintiff's motion to "restore" the case to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3404 is inapplicable because the case was never marked off pursuant to that provision. Rather, the case was mistakenly marked settled by the court. Accordingly, the